UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GEORGE SISK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00383-JMS-WGH |
| | ) |
| INDIANA City Of, | ) |
| PEGGY R. HART, ANNE FLANNELLY, | ) |
| MICHAEL PENCE, MATTHEW | ) |
| WHITMIRE, MARC LUNDY, | ) |
| DEBORAH SNIDER, TOM MCLENNON, | ) |
| BRAD HAYES, SHARI WETZEL, | ) |
| MATIA MCGREGOR, JAMES COFFEY, | ) |
| SHARON STAPLES, STEVE SMITH, | ) |
| JAMES COLEMAN, PAMLA BAILS, | ) |
| KATHLEEN GILL, RYAN SCHANK, | ) |
| CHRIS ESKEW, ROBERT J. HILL, | ) |
| JEFF MERRYMAN, KENT MEIER, | ) |
| LAWLESS Officer, MICHAEL FORREST, | ) |
| C. DUCKWORTH, C. MANN, | ) |
| M. KUNST, ELIZABETH L. WHITE, | ) |
| CHRISTINE CLEMENS, BOBBIE | ) |
| BELDEN, STEVE EICHHOLTZ, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

The Entry of October 31, 2013, explained this Court's determination that pursuant to 28 U.S.C. § 1915A(b) the Complaint fails to state a claim upon which relief may be granted. In the event the plaintiff disagreed with this Court's assessment, he was given a period of time in which to file a statement of remaining claims which he contends are legally sufficient. In response, the plaintiff filed a statement of remaining claims with supporting documents. These documents were properly considered in screening the statement of remaining claims. *See Lindell v.*

*Huibregtse*, 205 Fed. Appx. 446, 449 (7th Cir. 2006) (citing Fed.R.Civ.P. 10(c); *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir.2005); *Int'l Mktg. Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir. 1999). These claims are discussed below.

First, the plaintiff alleges that Peggy R. Hart, Master Commissioner of the Marion County Court, Criminal Division, issued orders, modified the court record, failed to act impartially, mishandled a search warrant, and participated in ex parte proceedings in violation of plaintiff's civil rights. These allegations fail to state a claim upon which relief may be granted. Peggy Hart is a judicial officer of the State of Indiana. See Marion County Superior Court local rule 49-TR78-304 (stating that the Court may employ judicial officers including commissioners). The actions allegedly taken by Commissioner Hart (even if wrongful) could only be taken in her official capacity and for this reason she is entitled to judicial immunity. Accordingly, the claims against Peggy R. Hart must be dismissed. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (discussing judicial immunity); *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Next, the plaintiff alleges that Kent Meier, Officer Lawless, Michael Forrest, C. Duckworth, C. Man, and M. Kunst violated his Fourth Amendment rights when they entered his wife's residence and seized his belongings without a search warrant. But the documents submitted with the plaintiff's statement of remaining claims reflect that there was no violation. First, there was a search warrant issued for 3949 Graham Avenue (his wife's residence) on March 30, 2010 at 2:31 p.m. by Commissioner Anne Flannelly. See dkt. 10-1 at p. 18. The search was conducted at approximately 8:10 p.m. at 3949 Graham Ave. See dkt. 10-1 at p. 2. The search resulted in drug related charges being filed against the plaintiff in Marion Superior Court, cause number 49G201004FA026999 See dkt. 10-1 at p. 4. He was convicted of these charges.

In any event, even if the allegations could state a claim based on a constitutional violation they would be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Indiana Department of Corrections website reflects that the plaintiff is currently serving his sentence in cause number 49G201004FA026999. A*Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence.@ *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). AShould success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit.@ *Id.*; *see also Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir. 1999).

The complaint and statement of remaining claims filed on November 12, 2013, fail to state a claim upon which relief may be granted. "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to ' 1915A(b), and judgment consistent with this Entry shall now issue. The dismissal of action, however, shall be without prejudice.

**IT IS SO ORDERED.**

Date: 11/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE SISK
DOC # 944137
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only